Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

David H. Krieger, Esq.
NV Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **DARRELL L. DAWKINS,**<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN EXPRESS, CAPITAL ONE BANK (USA), NA., DISCOVER BANK, WELLS FARGO FINANCIAL NEVADA, INC., and EQUIFAX INFORMATION SERVICES, LLC.,**<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. DARRELL L. DAWKINS ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of AMERICAN EXPRESS ("AMEX"), ("Capital"), CAPITAL ONE BANK (USA), N.A., ("Capital"), DISCOVER BANK ("Discover"), WELLS FARGO FINANCIAL NEVADA, INC. ("Wells"), and EQUIFAX INFORMATION SERVICES, LLC. ("Equifax") (or jointly as "Defendants") with regard to erroneous reports of derogatory

and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

### JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9.  This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there, and the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

PARTIES

11. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). Defendant AMEX is a corporation doing business in the State of Nevada. Defendant Capital is a corporation doing business in the State of Nevada. Defendant Discover is a corporation doing business in the State of Nevada. Defendant Wells is a corporation doing business in the State of Nevada. Defendant Equifax is a corporation doing business in the State of Nevada.

///

///

COMPLAINT

12. Defendants AMEX Capital, Discover, and Wells are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

13. Defendant Equifax is a national credit reporting agency, doing business in Nevada, with a principal place of business in Georgia.

## GENERAL ALLEGATIONS

14. At all times relevant, Plaintiff was an individual residing within the State of Nevada.

15. At all times relevant, Defendants conducted business in the State of Nevada.

16. On or about October 27, 2009, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 09-30216 (the "Bankruptcy").

17. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

18. On or about April 21, 2014, Plaintiff received a Bankruptcy discharge.

19. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

///

///

20. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

21. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

22. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

23. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

24. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

## The American Express Misreported Credit Information

## Re: Account No. 349990798676*.

25. In an Equifax credit report dated August 22, 2014, AMEX reported the following derogatory information:

- 07/2012 (L – Charge Off)
- Date Maj. Del. 1st Rptd: 08/2012

26. AMEX should not have reported derogatory information on Plaintiff's account after October 27, 2009, because Plaintiff filed for Bankruptcy on October 27, 2009.

27. On or about September 22, 2014, Plaintiff disputed AMEX's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by AMEX.

28. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my chapter 13 Bankruptcy which was filed on 10/27/2009 and discharged 4/21/2014, bearing docket No. 09-30216 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove derogatory information for the following post-bankruptcy dates: 07/2012 (L - Charge Off).

- This account was included in my chapter 13 Bankruptcy which was filed on 10/27/2009 and discharged 4/21/2014, bearing docket No. 09-30216 in the District for Nevada. The last activity date on this account should be no greater than the filing date, 10/27/2009. However, this account is showing activity after the Bankruptcy filing date, which is causing this account to remain on my credit report longer than it should. Specifically, you show Date Maj. Del. 1st Rptd 08/2012.

29. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

COMPLAINT

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/27/2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

30. Upon information and belief, Equifax timely notified AMEX of Plaintiff's dispute, but Discover continued reporting derogatory information.

31. AMEX and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

32. On or about October 27, 2014, Plaintiff received notification from Equifax that AMEX and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "updated."

33. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, AMEX and Equifax simply left derogatory information on Plaintiff's report. Specifically, AMEX and Equifax reported the following inaccurate information:

- Date Maj. Del. 1st Rptd: 08/2012

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

34. AMEX and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

35. AMEX and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

36. Due to AMEX and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

37. Plaintiff's continued efforts to correct AMEX and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Wells and Equifax were fruitless.

38. AMEX and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

39. AMEX and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

40. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, AMEX and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

COMPLAINT

**The Capital One Bank (USA), N.A. Misreported Credit Information**

**Re: Account No. 517805251678\*.**

41. In an Equifax credit report dated August 22, 2014, Capital reported the following derogatory information:

   - 01/2012 – 06/2012 (3-90-119 Days Past Due) and 11/2009 (2-60-89 Days Past Due).

   - Balances and Amount Past Due from 08/2012 – 04/2014

   - Date Maj. Del. 1st Rptd: 07/2012

42. Capital should not have reported derogatory information on Plaintiff's account after October 27, 2009, because Plaintiff filed for Bankruptcy on October 27, 2009.

43. On or about September 22, 2014, Plaintiff disputed Capital's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Capital.

44. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

   - This account was discharged in my chapter 13 Bankruptcy which was filed on 10/27/2009 and discharged 4/21/2014, bearing docket No. 09-30216 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates:

**COMPLAINT**

01/2012-06/2012 (3- 90-119 Days Past Due) and 11/2009 (2- 60-89 Days Past Due).

- This account was discharged in my chapter 13 Bankruptcy which was filed on 10/27/2009 and discharged 4/21/2014, bearing docket No. 09-30216 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show Balances and Amount Past Due from 08/2012-04/2014.

- This account was included in my chapter 13 Bankruptcy which was filed on 10/27/2009 and discharged 4/21/2014, bearing docket No. 09-30216 in the District for Nevada. The last activity date on this account should be no greater than the filing date, 10/27/2009. However, this account is showing activity after the Bankruptcy filing date, which is causing this account to remain on my credit report longer than it should. Specifically, you show Date Maj. Del. 1st Rptd 07/2012.

45. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/27/2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

46. Upon information and belief, Equifax timely notified Capital of Plaintiff's dispute, but Capital continued reporting derogatory information.

**COMPLAINT**

47. Capital and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

48. On or about October 27, 2014, Plaintiff received notification from Equifax that Capital and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "updated."

49. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Capital and Equifax simply left derogatory information on Plaintiff's report.  Specifically, Capital and Equifax reported the following inaccurate information:

- Date Maj. Del. 1st Rptd: 07/2012

50. Capital and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

51. Capital and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

52. Due to Capital and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

COMPLAINT

53. Plaintiff's continued efforts to correct Capital and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Capital and Equifax were fruitless.

54. Capital and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

55. Capital and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

56. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Capital and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### The Discover Bank Misreported Credit Information
### Re: Account No. 601100875028*.

57. In an Equifax credit report dated August 22, 2014, Discover reported the following derogatory information:

  - 08/2010 – 01/2013 (L – Charge Off)

  - Balances and Amount Past Due from 08/12 – 01/13

  - Date Maj. Del. 1st Rptd: 02/2013

58. Discover should not have reported derogatory information on Plaintiff's account after October 27, 2009, because Plaintiff filed for Bankruptcy on October 27, 2009.

59. On or about September 22, 2014, Plaintiff disputed Discover's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Discover.

60. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my chapter 13 Bankruptcy which was filed on 10/27/2009 and discharged 4/21/2014, bearing docket No. 09-30216 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove derogatory information for the following post -bankruptcy dates: 08/2010 - 01/2013 (L - Charge Off).

- This account was discharged in my chapter 13 Bankruptcy which was filed on 10/27/2009 and discharged 4/21/2014, bearing docket No. 09-30216 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show Balances and Amount Past Due from 08/12-01/13.

- This account was included in my chapter 13 Bankruptcy which was filed on 10/27/2009 and discharged 4/21/2014, bearing docket No. 09-30216 in the District for Nevada. The last activity date on this account should be no greater than the filing date, 10/27/2009. However, this account is showing activity after the Bankruptcy filing date, which is causing this account to remain on my credit report longer than it should. Specifically, you show Date Maj. Del. 1st Rptd 02/2013.

61. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

COMPLAINT

• The discharged debt should be reported with an account balance of $0 with a status of "current".

• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/27/2009, since a default on this account occurred no later than the Bankruptcy filing date.

• Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

• If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

62. Upon information and belief, Equifax timely notified Discover of Plaintiff's dispute, but Discover continued reporting derogatory information.

63. Discover and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

64. On or about October 27, 2014, Plaintiff received notification from Equifax that Discover and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "updated."

65. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Discover and Equifax simply left derogatory information on Plaintiff's report.  Specifically, Discover and Equifax reported the following inaccurate information:

• Date Maj. Del. 1st Rptd: 02/2013

COMPLAINT

66. Discover and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

67. Discover and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

68. Due to Discover and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

69. Plaintiff's continued efforts to correct Discover and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Wells and Equifax were fruitless.

70. Discover and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

71. Discover and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

72. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Discover and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**The Wells Fargo Financial Nevada, Inc. Misreported Credit Information**

**Re: Account No. 10225057935*.**

73. In an Equifax credit report dated August 22, 2014, Wells reported the following derogatory information:

- 12/2009 – 01/2014 (L – Charge Off)

- Balance Amount of $16,664

- Amount Past Due: $12,013

- Charge Off Amount of $16,664

- In the Historical Account Information section there are Balances and Amount Past Due from 08/12 – 02/14.

- Date Maj. Del. 1st Rptd: 12/2011.

74. Wells should not have reported derogatory information on Plaintiff's account after October 27, 2009, because Plaintiff filed for Bankruptcy on October 27, 2009.

75. On or about September 22, 2014, Plaintiff disputed Wells's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Wells.

76. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my chapter 13 Bankruptcy which was filed on 10/27/2009 and discharged 4/21/2014, bearing docket No. 09-30216 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: 12/2009-01/2014 (L- Charge Off).

- This account was discharged in my chapter 13 Bankruptcy which was filed on 10/27/2009 and discharged 4/21/2014, bearing docket No. 09-30216 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show a Balance Amount of $16,664, Amount Past Due of $12,013 and a Charge Off Amount of $$16,664. In the Historical Account Information you show Balances and Amount Past Due from 08/12-02/14.

- This account was included in my chapter 13 Bankruptcy which was filed on 10/27/2009 and discharged 4/21/2014, bearing docket No. 09-30216 in the District for Nevada. The last activity date on this account should be no greater than the filing date, 10/27/2009. However, this account is showing activity after the Bankruptcy filing date, which is causing this account to remain on my credit report longer than it should. Specifically, you show Date Maj. Del. 1st Rptd 12/2011.

77. The Equifax Dispute Letter further requested that Equifax:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/27/2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

**COMPLAINT**

- If [Equifax] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

78. Upon information and belief, Equifax timely notified Wells of Plaintiff's dispute, but Wells continued reporting derogatory information.

79. Wells and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

80. On or about October 27, 2014, Plaintiff received notification from Equifax that Wells and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "updated"

81. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Wells and Equifax simply left derogatory information on Plaintiff's report.  Specifically, Wells and Equifax reported the following inaccurate information:

- Date Maj. Del. 1st Rptd: 12/2011

82. Wells and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

83. Wells and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

84. Due to Wells and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

85. Plaintiff's continued efforts to correct Wells and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Wells and Equifax were fruitless.

86. Wells and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

87. Wells and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

88. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Wells and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to

each and every one of the above-cited provisions of the FCRA, 15 U.S.C §
1681.

91. As a result of each and every willful violation of the FCRA, Plaintiff is
entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §
1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
punitive damages as the Court may allow pursuant to 15 U.S.C. §
1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C.
§ 1681n(a)(3) from Defendants.

92. As a result of each and every negligent noncompliance of the FCRA,
Plaintiff is entitled to actual damages as the Court may allow pursuant to 15
U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to
15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief
against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15
U.S.C. § 1681n(a)(2);

COMPLAINT

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

93. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 7, 2015                                  Respectfully submitted,


BY: /s/ DANNY J. HOREN
    DANNY J. HOREN, ESQ.
    ATTORNEY FOR PLAINTIFF

COMPLAINT